J. S21043/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ALEXIS RODRIGUEZ, : No. 2799 EDA 2018
:
Appellant :


Appeal from the PCRA Order Entered September 26, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0716259-1989


BEFORE:  STABILE, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED AUGUST 19, 2019**

Alexis Rodriquez appeals *pro se* from the September 26, 2018 order entered in the Court of Common Pleas of Philadelphia County denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the following procedural history:

> On August 8, 1990, a jury found [appellant] guilty of first-degree murder, possession of an instrument of crime, and criminal conspiracy.[1]  [Appellant] was sentenced to mandatory life imprisonment without the possibility of parole.  No direct appeal was filed.
>
> On February 28, 1996, [appellant] filed his first *pro se* PCRA petition, asking that his appellate rights be reinstated *nunc pro tunc*.  This request was granted and [appellant] filed a direct notice of appeal. On December 31, 1997, the Superior Court affirmed

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 903 and 907, respectively.

[appellant's] judgment of sentence. On January 22, 1998, [appellant] filed a timely petition for allowance of appeal to the Pennsylvania Supreme Court; this was denied on July 14, 1998. [Appellant] did not seek further review before the US Supreme Court. Thus, his judgment of sentence became final on October 13, 1998.

On February 22, 2002, [appellant] filed his second *pro se* PCRA petition, raising various claims of ineffective assistance of counsel, prosecutorial misconduct, actual innocence, severance, and violations of his *Miranda*[2] rights. This petition was dismissed as untimely and without merit based upon appointed counsel's *Finley*[3] letter. [Appellant] appealed this dismissal, the Superior Court affirmed on April 18, 2005.

On February 18, 2005, [appellant] filed a *pro se* writ of *habeas corpus* in federal court. On August 24, 2006, the court dismissed the writ, holding that [appellant's] writ was patently untimely. [Appellant] appealed this decision; the United States Court of Appeals for the Third Circuit affirmed the denial on March 31, 2006.

On August 13, 2007, [appellant] filed a third *pro se* PCRA petition. This was dismissed without hearing as untimely on March 27, 2009. On April 20, 2009, [appellant] appealed this dismissal to the Superior Court. On March 5, 2010, the Superior Court affirmed the dismissal, finding that [appellant's] petition was untimely without merit.

On June 2, 2010, [appellant] filed a fourth *pro se* PCRA petition, claiming newly discovered evidence in order to overcome the time bar. On May 13, 2011, this petition was dismissed without hearing as untimely. On June 9, 2011, [appellant] appealed this dismissal to the Superior Court; the dismissal was

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988).

affirmed on August 27, 2012. On September 26, 2012, [appellant] filed a timely petition for allowance of appeal to the Pennsylvania Supreme Court. His request for *allocator* was denied on March 18, 2013.

On April 5, 2013, [appellant] filed his fifth *pro se* PCRA petition, claiming relief under *Miller v. Alabama*, 132 S.Ct. 455 (2012). On December 20, 2013, this petition was dismissed without hearing as untimely. [Appellant] appealed this dismissal to the Superior Court, who affirmed the dismissal on September 24, 2014. The Superior Court held that the newly recognized constitutional right exception to the one year time bar did not apply based upon *Miller*. Moreover, *Miller* did not apply to [appellant] as he was 18 years old when he committed the crime at issue. On October 24, 2014, [appellant] filed a timely petition for allowance [of] appeal to the Pennsylvania Supreme Court. This was denied on January 21, 2015.

On March 7, 2016, [appellant] filed his sixth *pro se* PCRA petition, claiming relief under *Miller* and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). [Appellant] amended his petition on June 22, 2017; July 17, 2017; May 7, 2018; and July 18, 2018. On April 4, 2018, James Lloyd, Esquire was appointed as PCRA counsel. On August 29, 2018, Mr. Lloyd filed a *Finley* letter, arguing that [appellant's] sixth PCRA petition was untimely without exception and the issues he raised were without merit. On August 30, 2018, this Court dismissed [appellant's] petition without hearing based upon counsel's *Finley* [letter].

J. S21043/19

On September 17, 2018, [appellant] filed a Notice of
Appeal to the Superior Court.[4]

PCRA court opinion, 12/11/18 at 2-4 (footnote omitted). The PCRA court did

not require appellant to file a concise statement of errors complained of on

appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court did file its Rule 1925(a)

opinion on December 11, 2018.

Appellant raises the following issues for our review:

1.    Does treatment as a "minor[,"] "youthful
offender[,"] entitle [appellant] the same
treatment as his "juvenile" co-defendants under
"equal protection" of the law?

2.    Were the standards of "beyond a reasonable
doubt" lessened as to the charge of conspiracy,
when the court erroneously charged the jury as
to "accomplice liability"?

---

[4] A review of the record demonstrates that on August 30, 2018, the PCRA court provided appellant notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907 and gave appellant 20 days in which to file a response. On September 17, 2018, and prior to the entry of an order denying appellant's PCRA petition, appellant filed a **pro se** notice of appeal leaving blank the date of the order being appealed. Appellant also filed a response to the Rule 907 notice. On September 26, 2018, the PCRA court denied appellant's PCRA petition. Therefore, appellant's notice of appeal shall be treated as filed on September 26, 2018. **See** Pa.R.A.P. 905(a)(5) (stating, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). We note that while appellant's notice of appeal lacks the date of the order being appealed, as required by Pa.R.A.P. 904, it is apparent from appellant's brief that he is appealing the order of September 26, 2018, denying his PCRA petition. As a result, we need not quash the appeal for failing to comply with Pa.R.A.P. 904. **See** Pa.R.A.P. 105 (stating that Pennsylvania appellate rules of procedure "shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable.").

- 4 -

J. S21043/19

Appellant's brief at ii.

In order to be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. *See Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa.Super. 2014) (holding that courts do not have jurisdiction over an untimely PCRA).

Here, appellant's judgment of sentence became final on October 13, 1998, 90 days after our supreme court denied discretionary review and the deadline for filing a petition for writ of *certiorari* in the Supreme Court of the United States expired.[5] *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* U.S. Sup. Ct. R. 13(1) (stating, "A petition for a writ of *certiorari* seeking

---

[5] We note that the 90th day was a federal holiday (*see* 5 U.C.S. § 9103(a)), so the judgment of sentence became final the next day, October 13, 1998. *See* U.S. Sup. Ct. R. 30(1).

review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Therefore, appellant's PCRA petition filed on March 7, 2016, nearly 18 years after his judgment of sentence became final, is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if appellant alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017); *see also Wharton*, 886 A.2d at 1126 (citation omitted). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012), citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the time-bar must be filed within 60 days of the date that the claim could have been presented.[6] *See* 42 Pa.C.S.A. § 9545(b)(2). If appellant fails to invoke a valid exception to the PCRA

---

[6] We note that effective December 24, 2018, the time period in which to file a petition invoking one of the three exceptions to the PCRA jurisdictional time-bar was extended from 60 days to one year. *See* 42 Pa.C.S.A. § 9545(b)(2). This amendment, however, applies only to claims arising one year prior to the effective date of the amendment; that is to say, arising on December 24, 2017, or later. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because appellant filed his sixth PCRA petition on March 7, 2016, this amendment does not apply, and appellant must have filed his petition within 60 days of the date the claim could have been presented.

time-bar, courts are without jurisdiction to review the petition or provide relief. *See Spotz*, 171 A.3d at 676.

Here, appellant attempts to assert an exception to the jurisdictional time-bar under Section 9545(b)(1)(iii), which permits a petitioner to seek relief when there is "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." *See* 42 Pa.C.S.A. § 9545(b)(1)(iii); *see also* appellant's brief at 1-5. Specifically, appellant maintains that his sentence is unconstitutional pursuant to the United States Supreme Court's decision in *Miller v. Alabama* 567 U.S. 460 (2012), which held that a sentence of life imprisonment without the possibility of parole is unconstitutionally cruel and unusual punishment when imposed on defendants convicted of murder who were under the age of 18 at the time of their crimes. *See Miller*, 567 U.S. at 465; *see also* appellant's brief at 1-5. In *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718 (2016), the United States Supreme Court held that its decision in *Miller* applied retroactively to cases on state collateral review. *See Montgomery*, 136 S.Ct. at 732.

Instantly, appellant was 18 years and 11 months old at the time he committed the murder, and therefore, **Miller** provides no relief.[7] **See Cintora**, 69 A.3d 759, 764 (Pa.Super. 2013), **appeal denied**, 81 A.3d 75 (Pa. 2013) (table) (holding that petitioners who were 18 years old or older at the time they committed murder are not within the ambit of **Miller**); **see also Commonwealth v. Furgess**, 149 A.3d 90, 92-93 (Pa.Super. 2016) (holding that a petitioner's assertion of the time-bar exception set forth in Section 9545(b)(1)(iii) must be rejected because the constitutional rule rendering mandatory sentences of life imprisonment without possibility of parole on juveniles unconstitutional applied only to those defendants who were under the age of 18 when the offenses were committed).

Therefore, the PCRA court lacked jurisdiction to review appellant's sixth PCRA petition, and we may not review the petition on appeal.[8]

Order affirmed.

---

[7] Inasmuch as appellant presents a "neurobiological adolescence" or "immature brain" argument and invites this court to expand the holding of **Miller** to defendants over the age of 18 when they committed the offense but who demonstrate "mental immaturity," we have declined to do so. **See Commonwealth v. Lee**, 206 A.3d 1, 10 (Pa.Super. 2019) (**en banc**) (holding that, "we find it untenable to extend **Miller** to one who is over the age of 18 at the time of his or her offense for purposes of satisfying the newly-recognized constitutional right exception in section 9545(b)(1)(iii)").

[8] In his second issue, appellant claims that the trial court erroneously charged the jury. (Appellant's brief at 7-11.) This claim does not assert one of the three statutory exceptions to the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii); **see also Brandon**, 51 A.3d at 233-234. As a result, appellant's second claim may not be reviewed.

J. S21043/19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/19